UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY LANE, | No. 2:14-cv-2295 KJM KJN |
| Plaintiff, | |
| v. | ORDER |
| CITIMORTGAGE, INC., | |
| Defendant. | |

Plaintiff has filed an ex parte application for a temporary restraining order, seeking to restrain the sale of her home at 6771 Mount Murphy Road, Coloma, California. Mot., ECF No. 4. She alleges the pending trustee sale would violate California's Homeowner's Bill of Rights (HBOR), Cal. Civ. Code § 2924.12, because her appeal from the denial of her request for a loan modification is still pending. ECF No. 4 at 3. A paralegal from counsel's office avers she notified a person named Reggie at Citimortgage about the request for a restraining order and then faxed a copy of the plaintiff's request to a number Reggie provided.

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no

1

longer." *Granny Goose Foods, Inc. v. Int'l Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co*., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Under California's HBOR, "[i]f a borrower submits a complete application for a first lien modification . . . a mortgage servicer . . . shall not record a notice of default, notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending," or during any appeal of a determination the borrower is not eligible for a modification. Cal. Civ. Code § 2923.6 (c)-(f).

To secure the issuance of an injunction, a party must show the threatened injury is both likely and immediate. *Winter*, 555 U.S. at 22 (stating that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction") (emphasis in original); *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").

In her moving papers, plaintiff alleges the trustee's sale is scheduled for September 8, 2014, ECF No. 4 at 3, or June 12, 2014. *Id*. at 6. The complaint also identifies September 8, 2014 as the sale date. Compl., ECF No. 1 at 7 ¶ 38. As plaintiff has not shown she is facing immediate injury, her ex parte application for a temporary restraining order is denied without prejudice.

IT IS SO ORDERED.

DATED: October 2, 2014.

_____
UNITED STATES DISTRICT JUDGE