UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY LANE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITIMORTGAGE, INC., and DOES 1 to 20 inclusive,<br><br>　　　　　Defendants. | No.  2:14-CV-02295 KJM KJN<br><br><u>ORDER GRANTING TEMPORARY</u><br><u>RESTRAINING ORDER</u> |

   On October 3, 2014, plaintiff filed a complaint and an *ex parte* application for a temporary restraining order and preliminary injunction to enjoin defendants from conducting a foreclosure sale of her home. ECF No. 7. For the reasons below, the court GRANTS the motion.

I.  BACKGROUND

   Plaintiff submitted a loan modification application on July 13, 2014. ECF No. 6 ¶ 24. In early August, plaintiff was notified that her loan modification application was complete. *Id.* ¶ 33. Shortly thereafter, however, plaintiff learned that her application was denied. *Id.* ¶ 35. Plaintiff alleges that the letter informing her of the denial of her application indicated that defendants used an incorrect value for the subject property and did not account for plaintiff's income. *Id.* Accordingly, plaintiff appealed defendant's decision. *Id.* ¶ 39. Plaintiff avers because she has not received any response concerning her appeal, her application for loan modification is still pending and, therefore, defendants cannot proceed with the foreclosure. *Id.*

1

## II. LEGAL STANDARD

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

## III. ANALYSIS

### A. Likelihood of Success on the Merits

Plaintiff has met this first element. Plaintiff alleges a claim under California Civil Code § 2923.6(c), which provides, "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Plaintiff has shown she filed a loan modification application on July 13, 2014. Lane Decl. ¶ 4, ECF No. 7-1. Plaintiff has further shown defendants denied that application on the basis of incorrect information, *id.* ¶ 6, and that she filed a timely appeal, but received no response, *id.* ¶¶ 7–8. The trustee sale remains in place and is scheduled for October 8, 2014. *Id.* ¶ 3. Accordingly, plaintiff has established a likelihood of success sufficient to support a temporary restraining order.

B.	Likelihood of Irreparable Harm, Balance of Equities & the Public Interest

Plaintiff has also made a sufficient showing on each of the remaining three elements. As to irreparable harm, plaintiff has shown immediate and irreparable injury will occur in the form of her loss of her residence if the foreclosure sale of her home proceeds as scheduled on October 8, 2014. Pls.' App. TRO 3, ECF No. 7. Loss of plaintiff's residence is a sufficient showing of irreparable harm. *Kilgore v. Wells Fargo Home Mortgage*, No. 12-0899, 2012 WL 2195656, at *1 (E.D. Cal. June 13, 2012).

In addition, the balance of equities favors plaintiff: she will lose her residence if the sale goes forward, whereas defendants will be required to complete review of plaintiff's appeal based on her completed application for loan modification before they proceed with the foreclosure sale, ECF No. 7 at 7. *See Wrobel v. S.L. Pope & Associates*, No. 07-1591, 2007 WL 2345036, at *2 (S.D. Cal. June 15, 2007). Finally, a decision in plaintiff's favor will serve the public interest by either confirming a foreclosure sale is the correct course for plaintiff's home or avoiding a sale based on incorrect information, ECF No. 7 at 8–9. *See Sencion v. Saxon Mortgage Servs., LLC*, No. 10-3108, 2011 WL 1364007, at * 3 (N.D. Cal. Apr. 11, 2011); *Sharma v. Provident Funding Associates, LP*, No. 09-5968, 2010 WL 143473, at *2 (N.D. Cal. Jan. 8, 2010).

C.	Bond

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a temporary restraining order . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully . . . restrained." District courts have wide discretion in fashioning the amount of the bond, and "the bond amount may be zero if there is no evidence the party will suffer damages from the injunction." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).

Here, the court finds plaintiff is not required to post a bond because there is no evidence in the record that defendants will suffer damages from the restraining order. *See Sencion*, 2011 WL 1364007, at * 3 ("Because the hearing on the order to show cause will occur

3

within the next ten days, [p]laintiff will not be required to post a bond at this time."); *Lyles v. Am.'s Servicing Co.*, No. 10-01482, 2010 WL 2629402, at *2 (E.D. Cal. June 29, 2010).

Because for the limited purposes of the instant motion the relevant factors weigh in favor of a temporary restraining order, the court GRANTS plaintiff's motion.

IV.     CONCLUSION

The court therefore orders as follows:

(1)     Defendants and its agents are enjoined by this temporary restraining order from conducting a trustee sale of plaintiff's residence located at 6771 Mt. Murphy Road, Coloma, California.  Plaintiff is directed to serve a copy of this order on all defendants and effect proof of service.

(2)     This temporary restraining order shall remain in place until this court has issued an order on plaintiff's request for a preliminary injunction.

(3)     No bond is required at this time.

(4)     The hearing for the preliminary injunction shall take place on October 14, 2014 at 2:30 p.m. in Courtroom 3.  Any supplemental brief in support may be filed by plaintiff and served on defendants no later than October 8, 2014, and any opposition shall be filed and served on plaintiff no later than October 10, 2014.

IT IS SO ORDERED.

DATED:   October 7, 2014.

UNITED STATES DISTRICT JUDGE