UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY LANE, | No. 2:14-cv-02295-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| CITIMORTGAGE, INC., et al., | |
| Defendants. | |

        The court previously granted plaintiff Melody Lane's ex parte application for a temporary restraining order and ordered defendant, CitiMortgage, Inc. (Citi), to show cause why the court should not issue a preliminary injunction. Lane seeks an injunction to prevent Citi from conducting a trustee's sale of her home at 6771 Mount Murphy Road, Coloma, California, the "subject property." The parties presented their arguments at a hearing on November 7, 2014. Rando Rodriguez appeared for Melody Lane, and Robert Yap appeared for Citi. For the reasons described below, the court DISSOLVES the restraining order and DENIES the request for a preliminary injunction.

I.    BACKGROUND

        The story behind Lane's ex parte application is not complicated, but the applicable law turns on a precise sequencing of events. On March 4, 2004, Lane obtained a loan for

1

1   $290,000, secured by a first-lien deed of trust on the subject property. Defs.' Opp'n 3:2-5
2   (Opp'n), ECF No. 18. In early 2011, Lane lost her job. First Am. Compl. (Compl.) ¶ 11, ECF
3   No. 6. She missed a mortgage payment in May 2012, *id.* ¶ 12, and made her last payment the next
4   month, Opp'n 3:10. In July 2012, Citi demanded payment and requested Lane contact Citi about
5   alternatives to foreclosure. Compl. ¶ 13. The next month, Lane sent Citi a letter requesting
6   assistance and completed an online customer assistance form; Citi did not respond. *Id.* ¶¶ 14, 15.

7         On November 27, 2013, Citi again informed Lane her mortgage payment was due
8   and that she was entitled to request certain information from Citi. Opp'n at 6:2-8; Dickey Decl.
9   Ex. A, at 4, 6, ECF No. 18-1. On March 24, 2014, Citi recorded a notice of default for the subject
10  property. Opp'n 3:15-16. On June 27, 2014, a notice of a trustee's sale was recorded. *Id.* 3:16-17.
11  The sale was initially scheduled for July 31, 2014. *Id.* 3:17-18.

12        On June 23, 2014, Lane received a letter from Citi requiring Lane submit an
13  application for a loan modification no later than seven business days before a scheduled
14  foreclosure sale. Compl. ¶ 21. Lane alleges she returned a completed application for loan
15  modification both on the same day and again on July 13, 2014. *Id.* ¶¶ 21, 23-24. On July 21,
16  2014, Lane contacted Citi, and a representative informed her Citi required additional paperwork.
17  *Id.* ¶ 27. Lane alleges she faxed the requested additional paperwork the same day. *Id.* A trustee's
18  sale did not take place on July 31, 2014, as initially planned. On August 7, 2014, Lane received a
19  letter from Citi indicating it had valued her property at $450,000. *Id.* ¶ 34. Lane, however, alleges
20  the value of her home was $750,000. *Id.* On August 8, 2014, Lane received a letter from Citi,
21  dated August 5, 2014, denying her application for a loan modification. *Id.* ¶ 35. It informed her
22  Citi had assumed her income was zero. *Id.* Lane alleges her income is about $2,000 per month. *Id.*
23  ¶ 35. On August 13, 2014, Lane contacted Citi and informed it of the alleged inaccuracies in
24  Citi's valuation of her home and of her income. *Id.* ¶ 37.

25        On August 28, 2014, Lane appealed her denial for a loan modification. *Id.* ¶ 39. To
26  her appeal she "attached written proof of the inaccurate values used in [Citi's] denial" of her
27  application for a loan modification. *Id.* On September 5, 2014, Citi notified Lane her appeal was
28  denied because it was "unable to create an affordable payment without changing the terms of your

1   loan beyond the requirements of the program." Opp'n 4:4-6; Dickey Decl. Ex. F, at 29, ECF
2   No. 18-1. On October 1, 2014, she filed a complaint in this court, ECF No. 1, and then amended it
3   on October 3, 2014, ECF No. 4. Also on October 1, she filed an ex parte request for a temporary
4   restraining order to enjoin the trustee's sale of her home, then scheduled for October 8, 2014.
5   Pl.'s Ex Parte App. TRO (TRO App.) 3:3-4, ECF No. 7. In her ex parte application and amended
6   complaint, Lane stated Citi had not denied her appeal for a loan modification. TRO App. at
7   3:10-25; Compl. ¶¶ 47-48. Her application contended a TRO was appropriate because she was
8   likely to succeed on the merits of a claim under California Civil Code section 2923.6(c), the
9   Homeowner's Bill of Rights (HBOR), which required Citi complete its review of her application
10  for a loan modification before conducting a trustee's sale. *Id.* at 4:20-6:15.

11          On October 7, 2014, the court granted Lane's ex parte application for a Temporary
12  Restraining Order enjoining Citi from conducting a trustee's sale of her home, relying on Lane's
13  representation that her appeal remained pending. TRO App. at 3:10-25; Compl. ¶¶ 47-48; Order
14  2:16-26, ECF No. 12. A hearing was set for October 14, 2014. Order 4:14-15, ECF No. 12. On
15  October 10, 2014, Citi filed an unopposed ex parte application to continue the hearing. Defs.'
16  Ex Parte Appl. 7:2-6, ECF No. 13; Notice Non-Opp'n, ECF No. 14. The court continued the
17  hearing to November 7, 2014. ECF No. 17. Citi filed its opposition to a preliminary injunction on
18  October 24, 2014, Opp'n at 9:13. Lane filed her reply on October 31, 2014. Pl.'s Reply (Reply),
19  ECF No. 22.

20          In her Reply, Lane argued for the first time that a preliminary injunction should
21  issue based on the likely success of her claim for negligence. Reply at 1:24-2:20. At the hearing
22  on November 7, Ms. Lane's counsel conceded she had received the September 5 denial but said
23  he had not learned this until Citi filed its opposition.

24          Lane has established neither her likely success on the merits of a claim under
25  section 2923.6(c) nor the existence of serious questions going to the merits of such a claim.
26  Because the remaining factors relevant to a motion for a preliminary injunction at best weigh only
27  partially in her favor, the court dissolves the temporary restraining order and denies a preliminary
28  injunction.

II.     REQUEST FOR JUDICIAL NOTICE

The court grants Citi's request for judicial notice. Req. Jud. Notice (RJN), ECF No. 19. A court may take judicial notice of a "fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters of public record are generally subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir.2002). The deed of trust, RJN Ex. 1, ECF No. 19, notice of default, *id.* Ex. 2, and notice of trustee's sale, *id.* Ex. 3, are matters of public record, and proper subjects of judicial notice. Screen captures from websites may also be proper subjects of judicial notice, provided the proponent meets its burden under Federal Rule of Evidence 201. *See, e.g.*, *Lanini v. JPMorgan Chase Bank*, No. 13-00027, 2014 WL 1347365, at *3 (E.D. Cal. Apr. 4, 2014) (taking judicial notice of a document on the Federal Deposit Insurance Corporation's website because it reflected official acts and the parties did not dispute its accuracy). Because the plaintiffs do not dispute the accuracy of the screen capture from www.qualityloans.org, RJN Ex. 4, ECF No. 19, the court takes judicial notice that a trustees' sale of the subject property is scheduled for November 24, 2014.

III.    DISCUSSION

A.      Standard: Preliminary Injunctions

"A preliminary injunction is an extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), and "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion," *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)). The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment can be issued. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (2008).

The Ninth Circuit has "also articulated an alternate formulation of the *Winter* test." *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012). That formulation is referred to as the "serious questions" or the "sliding scale" approach: "'serious questions' going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *See also id.* at 1131-32 ("[T]he 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test."). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Under the "serious questions" approach to a preliminary injunction, "[t]he elements of the preliminary injunction test must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072. Irrespective of its approach, a court must balance the competing alleged harms while considering the effects on the parties of the granting or withholding of the injunctive relief. *Winter*, 555 U.S. at 24. In exercising that discretion, a court must also consider the public consequences of the extraordinary remedy. *Id.*

In ruling on a preliminary injunction, the court may rely on declarations, affidavits, and exhibits, among other things. *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009); *see also Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ("The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial."). Such evidence need not conform to the standards for a summary judgment motion. *Bracco v. Lackner*, 462 F. Supp. 436, 442 n.3 (N.D. Cal. 1978). "The urgency necessitating the prompt determination of the preliminary injunction; the purpose of a preliminary injunction, to preserve the status quo without adjudicating the merits; and the [c]ourt's discretion to issue or deny a preliminary injunction are all factors supporting the considerations of affidavits." *Id.* And "[t]he weight to be given such evidence is a matter for the [c]ourt's discretion, upon consideration of the competence, personal knowledge and credibility of the affiant." *Id.*; *see also Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377

5

(9th Cir. 1985) (in ruling on a motion for preliminary injunction, the "weight to be given each [affiant's] statement is in the discretion of the trial court").

     B.     Likelihood of Success

           1.     Section 2923.6(c)

Lane's ex parte application is founded on an alleged violation of section 2923.6(c) of the California Civil Code. That section forbids a lender from conducting a foreclosure sale in certain circumstances. When a borrower "submits a complete application for a first lien loan modification" the lender or servicer may not conduct a trustee's sale while the application is pending. Cal. Civ. Code § 2923.6(c). Neither may the lender or servicer conduct a trustee's sale until after it "makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired," or other events occur, which are not relevant here. *Id.* § 2923(c)(1). Subdivision (d) allows a borrower thirty days to appeal a denial of an application for a first-lien loan modification. *Id.* § 2923.6(d). In addition, if the lender or servicer denies the application, it may not conduct a trustee's sale until the later of two events relevant here: (1) thirty-one days elapse after the borrower is notified its application was denied; and (2) fifteen days elapse after the lender or servicer denies the borrower's appeal. *Id.* § 2923.6(e).

Here, Citi recorded a notice of default on March 24, 2013, RJN Ex. 2, at 20, and recorded a notice of trustee's sale of Lane's home on June 27, 2014, *id.* Ex. 3, at 24. On July 21, 2014, Lane submitted material to complete her application for a loan modification. Compl. ¶ 27. After a flurry of bewilderingly self-contradictory responses by Citi to Lane, *see id.* ¶¶ 28-32, on July 31, 2014, Citi definitely informed Lane her application was complete. *Id.* ¶ 33; Dickey Decl. Ex. D, at 20, ECF No. 18-1 ("Your application is complete . . . ."). On August 8, 2014, Lane received a letter from Citi, dated August 5, 2014, denying her application for a loan modification. Compl. ¶ 35. On August 18, 2014, Lane received notice the trustee's sale was set for September 8, 2014. *Id.* ¶ 38. On August 28, 2014, Lane appealed her denial for a loan modification. *Id.* ¶ 39. On September 5, 2014, Citi notified Lane her appeal was denied. Opp'n 4:4-6; Dickey Decl.

/////

6

1    Ex. F, at 29, ECF No. 18-1. The trustee's sale was later postponed to October 8, 2014, Compl.

2    ¶ 38, and then to November 24, 2014, Opp'n 4:7-8; RJN Ex. 4, at 27.

3          This sequence of events shows Lane's application was complete and pending

4    between July 21, 2014 and August 5, 2014. It shows her appeal was pending between August 28,

5    2014 and September 5, 2014. Citi did not record a notice of default, a notice of trustee's sale, or

6    conduct a trustee's sale during those periods. Because the trustee's sale is currently scheduled for

7    November 24, 2014, the sale will take place more than fifteen days after Citi denied Lane's

8    appeal on September 5, 2014. Lane is unlikely to succeed on a claim that without an injunction,

9    Citi would have conducted a sale while an application for a loan modification or an appeal was

10   pending. Neither do these facts raise serious questions going to the merits. At the hearing,

11   Ms. Lane's counsel agreed.

12         2.    <u>Negligence</u>

13         Lane's ex parte application did not include an argument that she was likely to

14   succeed on the merits of a claim for negligence. In her reply, however, she argues that because

15   Citi did not rely on accurate information in its denial of her application for loan modification and

16   its denial of her later appeal, it was negligent. Reply at 1-2. As a general rule, parties may not

17   raise new legal arguments in reply briefs. *State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir.

18   1990). This is particularly true here because Lane relies on no new information, facts, or law

19   unavailable to her at the time of her opening brief. Nevertheless, the court disposes of her claim

20   here on the merits in an effort "to secure the just, speedy, and inexpensive determination of every

21   action and proceeding." Fed. R. Civ. P. 1.

22         To succeed in a negligence claim under California law, Lane must show Citi owed

23   her a legal duty and breached that duty, legally and proximately causing her damages. *United*

24   *States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 594 (1970). In general, a financial

25   institution owes a borrower no legal duty of care if the two negotiate as lender and borrower.

26   *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). Some exceptions

27   exist, and California courts are divided as to their application in cases like this one. *Compare,*

28   *e.g., Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67 (2013) (declining to

7

1  impose a duty of care on a bank considering a residential loan modification), *with Alvarez v. BAC*
2  *Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 948-49 (2014) (deciding the opposite). The
3  California Supreme Court has not resolved this question. This court has held no duty applies
4  "when the activities are 'sufficiently entwined with money lending so as to be within the scope of
5  typical money lending activities,'" *Lanini*, 2014 WL 1347365, at *7 (quoting *Lueras*, 221 Cal.
6  App. 4th at 67)), but the court has not had an opportunity to consider *Alvarez*.

7        And it need not here. Assuming for purpose of argument that Citi owed Lane a
8  duty of care when it considered her application for a loan modification and her appeal, Lane is
9  neither likely to succeed on the merits of her negligence claim, nor has she raised the required
10 "serious questions." She has not met her burden to show Citi breached its duty to her by denying
11 her appeal on the basis of false information. The complaint clearly alleges Lane contacted Citi
12 and informed it of alleged inaccuracies in Citi's valuation of her home and of her income. *Id.*
13 ¶ 37. When she appealed Citi's decision, she "attached written proof of the inaccurate values used
14 in [Citi's] denial" of her application for a loan modification. *Id.* ¶ 39. On September 5, 2014, Citi
15 notified Lane her appeal was denied, not based on valuation of her home, but because it was
16 "unable to create an affordable payment without changing the terms of [her] loan beyond the
17 requirements of the program." Dickey Decl. Ex. F, at 29, ECF No. 18-1. In summary, she is
18 unlikely to show both a breach of duty and a causal link between that breach and the loss of her
19 home.

20     C.    <u>Irreparable Harm, the Balance of Equities, and the Public Interest</u>

21       If a trustee's sale takes place, Lane would lose her home. Loss of a principal
22 residence is normally sufficient to establish irreparable harm, and the court assumes as much
23 here. *Kilgore v. Wells Fargo Home Mortgage*, No. 12-0899, 2012 WL 2195656, at *1 (E.D. Cal.
24 June 13, 2012). Nevertheless, such a loss is not dispositive of a motion for a preliminary
25 injunction. *Alcaraz v. Wachovia Mortgage FSB*, 592 F. Supp. 2d 1296, 1301-02 (E.D. Cal. 2009).
26 A plaintiff may not use a preliminary injunction to "buy time" and stall a foreclosure sale. *Id.* at
27 1306. Here, Lane has not made a payment on her loan for more than two years and still lives in
28 the subject property. The trustee's sale, originally scheduled for July 31, 2014, has been delayed

to at least late November. Certainly, ejection from her home is a distressing prospect, but no lender should be expected to indefinitely forgive payments to satisfy a debt that now totals more than $300,000. Opp'n 7:24-26. Moreover, a preliminary injunction would have no practical effect. To impose compliance with California law, an injunction would only be necessary to the extent it prevented Citi from conducting a trustee's sale while Lane's appeal was pending and until at least fifteen days after Citi denied it. Because Citi denied the appeal on September 5, 2014, a sale on November 24, 2014 would not violate California law.

Neither does the balance of equities tip in Lane's favor. If the court were to grant an injunction, Citi would be temporarily deprived of the proceeds of the trustee's sale, but on the other hand, it has been awaiting payment on its debt since Lane last made a payment in 2012. Although premature foreclosure sales are not in the public's interest, Lane has not shown the sale at issue here would be premature or violate California law. To the contrary, the evidence suggests Citi, despite its bumbling, has made a good faith effort to preserve Lane's homeownership, consider a loan modification, and avoid an unnecessary trustee's sale.

D. Conclusion

The law requires Lane make a "clear showing" a preliminary injunction is proper. *Lopez*, 680 F.3d at 1072, which she has not done. The temporary order enjoining the defendants and their agents from conducting a trustee sale of plaintiff's residence located at 6771 Mt. Murphy Road, Coloma, California is DISSOLVED.  The request for a preliminary injunction is DENIED.

IT IS SO ORDERED.

DATED: November 20, 2014.

UNITED STATES DISTRICT JUDGE